**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X   Case No. 19-cv-06816
ALLYSON DAVIS, on behalf of herself
individually and all others similarly situated,

                                          Plaintiff,

                                          **CLASS ACTION**
            -against-                      **COMPLAINT**


CREDIT CONTROL SERVICES, INC.,
d/b/a CREDIT COLLECTION SERVICES,

                                          Defendant.
-------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.     This is an action for damages brought by an individual consumer and on behalf of a class and subclass for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff is a natural person who resides in this District.

5. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

6. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted debt alleged to be owed to GEICO General Insurance Company and whose balance was allegedly incurred for personal, family or household purposes for automobile insurance premiums.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

8. The principal purpose of defendant's business is the collection of defaulted consumer debts.

9. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

10. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

11. Upon information and belief, defendant is a foreign business corporation incorporated in Delaware.

## FACTUAL ALLEGATIONS

12. Plaintiff re-alleges paragraphs 1-11 as if fully re-stated herein.

13. In the year 2012, plaintiff had a car insurance policy with GEICO.

14. In October 2012, said car insurance policy was canceled.

15. Plaintiff believed she paid all premiums due and that she owed no money to GEICO.

16. In fact, plaintiff communicated with GEICO in 2018 and never once did GEICO mention to plaintiff that she owed an old balance from the year 2012.

17. Then, in April 2019, plaintiff received a collection letter from defendant.

18. Said collection letter was dated April 1, 2019.

19. Defendant sent plaintiff a collection letter dated April 1, 2019.

20. Defendant stated in the collection letter that the creditor was GEICO.

21. By said letter, defendant was attempting to collect the alleged debt on behalf of GEICO.

22. By said letter, defendant was attempting to collect a debt allegedly owed under the same GEICO insurance policy which was canceled in 2012.

<8>

23. In the collection letter, defendant stated that the amount of the debt was $353.83.

24. In the collection letter, defendant stated, in pertinent part:

"CANCEL DATE: 10/13/2012

50% DISCOUNT OPPORTUNITY

Thank you for your attention at this time. This is an opportunity to resolve your past-due account at a discount. The discounted amount is displayed below.

Please remit the discounted amount by mail (together with the payment stub portion of this notice), by telephone, or by visiting our self-service website @ **www.DiscountOpportunity.com**. If you would like personal attention, please contact our call center to discuss suitable payment terms with a Customer Service Agent. Let's work together to resolve this matter. Thank you.

Once the discounted amount has been posted by this office, your account will be closed and returned to your creditor as settled-in-full…

SELF-SERVICE WEBSITE: You can activate email messaging, upload correspondence, request telephone calls to stop, pay by check, Visa, MasterCard, arrange a payment plan, and more at our secure website: www.DiscountOpportunity.com.

. . .

Payment plan & return call supervisor: Bradford Collins

. . .

Please consider visiting our self-service website at: www.DiscountOpportunity.com.

25. Defendant did not inform plaintiff in the collection letter that the statute of limitations for her to be sued on the debt had expired.

26. Defendant did not inform plaintiff in the collection letter that a partial payment on the debt, arranging a payment plan, making a promise to pay the debt or even admitting the debt is owed could revive the statute of limitations for plaintiff to be sued for the entire remaining balance of the debt.

4

27. Upon reading defendant's letter, plaintiff believed, erroneously, that the debt was legally enforceable and that defendant and/or GEICO could sue her for the debt if she did not pay it.

28. Upon reading defendant's letter, plaintiff did not know that a partial payment on the debt, arranging a payment plan, making a promise to pay the debt or even admitting the debt is owed could revive the statute of limitations for her to be sued for the entire remaining balance of the debt.

29. After receipt of defendant's letter, plaintiff sought legal advice and representation because she was worried that she could be sued for the debt although she did not believe she owed it.

30. Upon receiving legal advice, plaintiff felt confused, surprised, harassed, agitated and distressed by the fact that defendant sought to have her unknowingly waive her absolute defense of the statute of limitations to a lawsuit.

31. Upon receiving legal advice, plaintiff further felt confused, surprised, harassed, agitated and distressed by the fact that defendant sought to deceive her into unknowingly making a partial payment on the debt, arranging a payment plan, making a promise to pay the debt or even admitting she owed the debt, just so that the statute of limitations for her to be sued on the debt could be revived.

## AS AND FOR A FIRST CAUSE OF ACTION

*Improper failure to inform of expiration of statute of limitations*

15 U.S.C. §§ 1692e and 1692e(2)(A)

32. Plaintiff re-alleges paragraphs 1-31 as if fully re-stated herein.

33. The law of limitations in the State of New York applies to a lawsuit for the collection of the debt.

5

34. The statute of limitations for plaintiff to be sued on the debt is six years from the date of last payment.

35. On the date defendant mailed its collection letter to plaintiff, it had been more than six years since the last payment was made on the account.

36. On the date defendant mailed its collection letter to plaintiff, the statute of limitations for plaintiff to be sued on the debt had already expired.

37. Defendant did not inform plaintiff in its letter that the statute of limitations to sue her for the debt had expired.

38. Defendant did not inform plaintiff in its letter that any partial payment towards the debt, a payment plan or a payment arrangement, a promise to pay the debt or an admission that the debt is owed would revive the statute of limitations.

39. In the letter, defendant invited plaintiff to contact defendant to discuss suitable payment terms.

40. In the letter, defendant repeatedly encouraged plaintiff to contact defendant concerning payment of the debt.

41. In the letter, defendant encouraged plaintiff to arrange a payment plan.

42. In the letter, defendant invited and encouraged plaintiff to contact defendant to make payment arrangements on the debt.

43. In the letter, defendant encouraged plaintiff to accept a 50% discount opportunity to "resolve" her alleged debt.

44. In the letter, defendant informed plaintiff that once the discounted amount has been posted to her account, defendant would close her account and return it to GEICO as "settled-in-full".

45. Defendant's failure to inform plaintiff that the statute of limitations had expired while at the same time inviting and encouraging plaintiff repeatedly in the letter to contact defendant to resolve her account at a discount after which it would be settled-in-full or to arrange a payment plan on the debt, would mislead plaintiff and the least sophisticated consumer unknowingly to make a payment on a debt a lawsuit for the collection of which was absolutely barred by the defense of the statute of limitations.

46. Defendant's failure to inform plaintiff that the statute of limitations had expired while at the same time inviting and encouraging plaintiff repeatedly in the letter to contact defendant to resolve her account at a discount after which it would be settled-in-full or to arrange a payment plan on the debt, would mislead plaintiff and the least sophisticated consumer unknowingly to make a partial payment or a payment arrangement on the debt or a promise to pay the debt or an admission the debt is owed that would revive the statute of limitations for her to be sued for the entire remaining balance of the debt.

47. Moreover, pursuant to the Administrative Code of the City of New York, Title 20, Chapter 2, Subchapter 30, § 20-493.2(b) and Title 6, Chapter 2, Subchapter S, § 2-191 of the Rules of the City of New York, defendant is prohibited from seeking to collect the debt unless defendant first provides to plaintiff in each and every letter the following information:

> "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."

48. The State of New York has a broader requirement for defendant to disclose the fact and consequences of the expiration of the statute of limitations in its collection letters. 23 NYCRR Part 1.

49. Defendant did not provide any of this information to plaintiff in its collection letter.

50. Defendant sent its letter to plaintiff at her home address in New York County, within the City of New York, State of New York.

51. By failing to inform plaintiff that the statute of limitations on the debt had expired, while at the same time repeatedly inviting and encouraging plaintiff in the letter to contact defendant to resolve her account at a discount after which it would be settled-in-full, or to arrange a payment plan on the debt, defendant failed to disclose relevant information to plaintiff that would have necessarily influenced plaintiff's decision as to whether to pay the debt or any portion of it or how to respond to the letter.

52. By its said demand for payment without disclosing that the statute of limitations had expired, defendant encouraged and sought to mislead plaintiff unknowingly to waive her absolute defense to a lawsuit on the ground of the statute of limitations.

53. By its said demand for payment without disclosing that the statute of limitations had expired, defendant attempted to deceive plaintiff into believing that there is a legally enforceable obligation to pay the debt.

54. Defendant knew that if plaintiff paid any portion of the debt, arranged a payment plan, promised to pay the debt or even admitted that the debt is owed, plaintiff would have waived the defense of the statute of limitations.

55. Defendant knew that if plaintiff paid any portion of the debt, arranged a payment plan, promised to pay the debt or even admitted that the debt is owed, plaintiff would have made herself liable to be sued for the entire remaining balance of the debt.

56. Upon receipt of defendant's letter, plaintiff did not know the legal effect of paying the debt or any portion of it, or arranging a payment plan, or promising to pay the debt or even admitting the debt is owed.

57. Upon receipt of defendant's letter, the least sophisticated consumer would not know the legal effect of paying the debt or any portion of it, or arranging a payment plan, or promising to pay the debt or even admitting the debt is owed.

58. Defendant's failure to state in its letter that the statute of limitations for plaintiff to be sued on the debt had expired constitutes a false representation of the legal status of the debt and a false, deceptive and misleading means used by defendant in its attempt to collect the debt, and is therefore in violation of the FDCPA, including but not limited to §§ 1692e(2)(A) and 1692e.

59. Defendant failed to inform plaintiff in its letter that a partial payment on the debt, arranging a payment plan, making a promise to pay the debt or even admitting the debt is owed could revive the statute of limitations for her to be sued for the entire remaining balance, and said failure constitutes a false representation of the legal status of the debt and a false, deceptive and misleading means used by defendant in its attempt to collect the debt, and is therefore in violation of the FDCPA, including but not limited to §§ 1692e(2)(A) and 1692e.

## CLASS ALLEGATIONS

60. Plaintiff re-alleges paragraphs 1-59 as if fully re-stated herein.

61. This action is brought on behalf of plaintiff and the members of a class and subclass.

62. The class consists of all persons who defendant's records reflect were sent debt collection letters within the City of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated February 1, 2019; (b) the collection letter was sent to a consumer seeking payment of a consumer debt allegedly owed to GEICO; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(2)(A). The class does not include defendant or persons who are officers, directors or employees of defendant.

63. The class shall be defined as follows:

*All natural persons with addresses within the City of New York to whom defendant sent a collection letter on behalf of GEICO, substantially the same as the letter defendant sent to plaintiff, where a lawsuit to collect the debt was beyond the statute of limitations and in which letter defendant failed to state that the statute of limitations had expired, from one year before the filing of this complaint to the date of filing of this complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

64.     The subclass consists of all persons who defendant's records reflect were sent debt collection letters within the County of New York, State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated February 1, 2019; (b) the collection letter was sent to a consumer seeking payment of a consumer debt allegedly owed to GEICO; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(2)(A). The class does not include defendant or persons who are officers, directors or employees of defendant.

65.     The subclass shall be defined as follows:

*All natural persons with addresses within the County of New York, State of New York to whom defendant sent a collection letter on behalf of GEICO, substantially the same as the letter defendant sent to plaintiff, where a lawsuit to collect the debt was beyond the statute of limitations and in which letter defendant failed to state that the statute of limitations had expired, from one year before the filing of this complaint to the date of filing of this complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

66. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by failing to state in its collection letters sent on time-barred debts that the applicable statute of limitations for consumers to be sued on the debts had expired and that any partial payment, payment plan, promise to pay or admission that the debt is owed would revive the statute of limitations, in violation of the FDCPA, §§ 1692e and 1692e(2)(A).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  (E)  Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the classes.

67. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

68. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

69. As a result of the above violations, defendant is liable to plaintiff and the members of the classes for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(f) for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
July 22, 2019.

                    /s/ *Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com